## ECCLES & COMPANY *v.* MUNN.
### Opinion delivered March 24, 1919.

1. WAREHOUSEMEN — LOST RECEIPT — RIGHTS OF HOLDER.—An unindorsed warehouse receipt which shows on its face that it belongs to the depositor or to a specified person is not a negotiable receipt, under Acts 1915, p. 986, § § 4, 5.

2. WAREHOUSEMEN — RECEIPTS — NEGOTIABILITY.—Acts 1915, p. 987, § 7, requiring that warehouse receipts be marked "non-negotiable," and making the warehouseman liable for failure to comply therewith, has no application to a case where a receipt non-negotiable in form was lost and was transferred by the finder to an innocent purchaser, the warehouseman not being a party.

3. CUSTOMS AND USAGES—WAREHOUSE RECEIPTS—TITLE.—A custom of cotton buyers, farmers and merchants to treat warehouse receipts, made non-negotiable by statute, as negotiable and as passing title,

cannot be proved, as a custom cannot be set up in violation of a statute.

Appeal from Hempstead Circuit Court; *George R. Haynie*, Judge; affirmed.

### STATEMENT OF FACTS.

This is an action in replevin brought in a justice court by W. M. Munn against Alexander Eccles & Company to recover a bale of cotton alleged to be worth $140. There was a judgment in the justice court in favor of the plaintiff, and the defendants appealed to the circuit court. There the case was tried upon a state of facts substantially as follows:

During the year 1917, W. E. Mitchell raised a crop on the shares on the farm of the plaintiff, W. M. Munn. After Mitchell had gathered the first two bales of cotton, he brought them to Hope, Arkansas, and placed them in a warehouse. Receipts were issued to him for the cotton. Mitchell and Munn then divided the cotton, each taking a bale. Mitchell turned over to Munn the warehouse receipt for his bale which together with the endorsements on it are as follows:

"Planters Warehouse, No. 4709.

"In consideration of the price paid it is understood and agreed by the seller that 10 cents for weighing and 15 cents for handling be deducted from the amount of each bale of cotton sold. Storage after 30 days. Positively not liable for fire.

"Hope, Ark., 10/11, 1917.

"Bought of W. E. Mitchell, one bale of cotton.

| "Mark | Weight | Tare | Price | Remarks |
|-------|--------|------|-------|---------|
|       | 520    |      | 10    |         |
|       |        |      | —     | $140.92 |
|       |        |      | 27    | .25     |
|       |        |      |       | $140.67 |

"Ruff Boyett, Manager."

Stamped across the face of said ticket in blue ink appears: "Void after Oct. 10, 1917. Betts & Brundidge, Hope, Ark."

Stamped across the face of said ticket in purple ink appears: "Planters WA Co. Cancelled Oct. 16, '17. Ruff Boyett, Mgr."

Mitchell did not endorse the warehouse receipt when he turned it over to Munn. The latter either lost the receipt or it was stolen from him. When Munn first lost the warehouse receipt he came to the warehouse at Hope and tried to locate the bale of cotton. At that time the party in possession of the receipt had sold the bale of cotton to Alexander Eccles & Company, the defendants, and had delivered to them the warehouse receipt. Alexander Eccles & Company bought the cotton believing the holder of the receipt to be the owner thereof. They did not know that it had been lost or stolen from Munn. The value of the cotton was alleged and proved to be $140.

The circuit court directed the jury to return a verdict in favor of the plaintiff for the possession of the bale of cotton or its value, $140.

From the judgment rendered, the defendants have prosecuted an appeal.

*Jas. H. McCollum,* for appellants.

Appellants purchased the cotton in open market in due course of business and according to usage and custom of long standing, universally known, paid valuable consideration without notice of any claim of appellee or defect of title in the holder and were innocent purchasers. The warehouse receipt was transferable by delivery without endorsement and its delivery carried with it the right and title to the cotton. 44 Ark. 301; Kirby & Castle's Digest, § 9995. Kirby's Digest, § 527, was repealed by implication. Ch. 174, K. & C. Dig.; 70 Ark. 27; 100 *Id.* 504; 120 *Id.* 530; 103 Am. St. 983 and note.

The receipt was negotiable by long established custom and usage. 46 Ark. 210; 58 *Id.* 565; 81 *Id.* 549; 84 *Id.* 389.

Both parties here are innocent in the eyes of the law. One of them must lose. Appellee is the one to bear the loss, as the loss of the receipt was by his inadvertence.

or negligence. 57 U. S. (Law Ed.) 1245; 42 Ark. 478; 49 *Id.* 40; 55 *Id.* 45; 41 Am. St. 172; 50 *Id.* 540.

It was error to direct a verdict. The issues should have been submitted to a jury. 55 Ark. 45.

*Steve Carrigan,* for appellee.

44 Ark. 301 is not applicable,. as the statute upon which it was based has been repealed by the act of 1887. Kirby's Digest, § 529. The receipt was not indorsed and was not negotiable by delivery. *Ib.* The finder of a lost receipt indorsed in blank cannot by delivery or transfer divest the title of the owner. 101 U. S. 557; 29 Wis. 482; 9 Am. Rep. 603. A non-negotiable receipt cannot be negotiated. *Ib.* The act of 1915 controls this case. The custom cannot prevail over our statute. 7 Allen (Mass.) 29; 83 Am. Dec. 656; 19 Pa. St. 243; 29 Am. & Eng. Enc. Law (2 ed.) 376-8. Losing the receipt was not negligence. 25 U. S. (Law ed.) 894. Appellant should suffer the loss. 57 *Id.* 1245. This case is controlled by Acts 1915, p. 983. Appellee was not negligent; the receipt was lost or stolen without his fault. The law of this case is settled by the court properly in its instructions and the verdict should be sustained, as the evidence supports it.

HART, J., (after stating the facts). The circuit court was right in directing a verdict for the plaintiff. The undisputed facts show that the plaintiff was the owner of the warehouse receipt for the bale of cotton in controversy and that he either lost it or that it was stolen from him. The party finding the receipt or stealing it could bestow no greater rights upon the transferee than he himself possessed. The defendants, Alexander Eccles & Company, therefore, acquired no greater rights than were transferred to them by the delivery to them of the warehouse receipt. In other words the finder of an indorsed warehouse receipt which on its face shows the name of the true owner, cannot by selling it transfer the title of the true owner. *Citizens Bank* v. *Arkansas Compress & Warehouse Co.,* 80 Ark. 601. The correctness of this holding depends upon the construction to be given to

our uniform warehouse receipt law passed by the Legislature of 1915. See Acts of 1915, p. 983. Sections 4 and 5 of the act read as follows:

"Section 4. A receipt in which it is stated that the goods received will be delivered to the depositor, or to any other specified person, is a non-negotiable receipt.

"Section 5. A receipt in which it is stated that the goods received will be delivered to the bearer , or to the order of any person named in such receipt is a negotiable receipt."

Our statement of facts shows that the receipt contained all the essential requirements prescribed by the statute and is therefore a valid one. The receipt states that the cotton belongs to the depositor, or at least to a specified person. It is, therefore, under the statute a non-negotiable receipt. It is true it is not marked on its face "non-negotiable" as required by section 7 of the act. That section provides that in case of the warehouseman's failure so to mark a receipt, a holder of it who purchased it for value supposing it to be negotiable, may, at his option, treat such as imposing upon the warehouseman the same liabilities he would have incurred had the receipt been negotiable. The warehouseman, however, is not a party to this action, and this section, therefore, has no application to the present case.

Section 39 of the act reads as follows: "Section 39. A receipt which is not in such form that it can be negotiated by delivery may be transferred by the holder by delivery to a purchaser or donee.

"A non-negotiable receipt can not be negotiated, and the endorsement of such a receipt gives the transferee no additional right."

As we have already seen, the warehouse receipt is non-negotiable, and it is apparent from the latter part of the section just quoted, that even if the receipt had been endorsed to the defendants they would not have acquired any greater rights than the transferer. As stated in *Citizens Bank* v. *Arkansas Compress & Warehouse Co., supra,* a thief who finds a compress receipt can give no

more title to a purchaser from him than he could to property which he had found or stolen.

It is also contended by counsel for the defendants that a long and well established usage of trade at Hope made the receipt negotiable and transferable by delivery and that the delivery thereof to the defendants, who were innocent purchasers for value, carried the title and right to the possession of the bale of cotton. It was proved by the defendants that it had been the custom for many years at Hope for cotton buyers, farmers, and merchants to treat and consider that a cotton ticket or warehouse receipt would pass title to the cotton and the right to the possession of it by the delivery of the receipt from one person to another. Such a custom, however, could have no effect to set aside the statute, where the latter is designed to prohibit such a mode of transfer. As we have just seen, the receipt was a non-negotiable one, and under the terms of the statute, the transferee acquired no greater rights than the transferer. The defendants can not set up a custom which would be in violation of the express terms of the statute and in that way abrogate the statute. *Citizens Bank* v. *Ark. Compress & Warehouse Co., supra.*

In a case note to 17 Ann. Cas. at 672, it is said that it is generally held that a statute making warehouse receipts negotiable by endorsement does not prohibit their transfer by delivery, and that title to the property represented thereby will pass if the delivery is made with that intent. It is further stated that a transfer without endorsement will merely transfer the title of the transferer and will not afford the transferee the greater rights which are granted under the statute; and several cases are cited in support of the statement.

It follows that the trial court was right in directing a verdict for the plaintiff, and the judgment will be affirmed.